IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIFEMD, INC., JUSTIN SCHREIBER, And STEFAN GALLUPPI<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN MATTHEW LAMARCO and SHADYSIDE PARTNERS, LLC (d/b/a CULPER RESEARCH) and JOHN/JANE DOES 2-10<br><br>Defendants. | CIVIL ACTION NO. 2:21-cv-1273 |

## NOTICE OF REMOVAL

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Christian Matthew Lamarco and Shadyside Partners, LLC d/b/a Culper Research (collectively "Defendants"), by and through their undersigned counsel, hereby give notice of removal of the action titled *LifeMD, Inc., et al., v. Christian Matthew Lamarco, et al.*, filed in the Court of Common Pleas for Allegheny County, Pennsylvania, Civil Law Division, where it is pending as Case No. GD-21-011364, to the United States District Court for the Western District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Defendants aver:

## THE STATE COURT ACTION

1. On September 17, 2021, Plaintiffs, LifeMD, Inc., Justin Schreiber, and Stefan Galluppi, filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *LifeMD, Inc., et al., v. Christian Matthew Lamarco, et al.,* Case No. GD-21-011364 (the "State Court Action").  A true and correct copy of the Complaint in the State Court Action is annexed hereto as Exhibit A

2. As required by 28 U.S.C. § 1446(a), attached hereto collectively as Exhibit A is a copy of the Complaint, which constitutes all process and pleadings in the State Court Action to date.

3. Plaintiff LifeMD is a publicly traded telehealth company incorporated under the laws of Delaware.  *See* Ex. A, at ¶ 8.  Moreover, LifeMD's principal place of business is in New York. *See* 2:21-cv-00640-WSS (W.D. Pa.), Dkt. #1 ¶ 10.  As such, it is a citizen of Delaware and New York.

4. Plaintiff Justin Schreiber is an individual residing in Dorado, Puerto Rico, 00646. *See* Ex. A , at ¶ 9.  As such, he is a citizen of Puerto Rico.

5. Plaintiff Stefan Galluppi is an individual residing in Huntington Beach, California 92649.  *Id*, at ¶ 10.  As such, he is a citizen of California.

6. The Complaint asserts counts for defamation, trade libel, false light, unjust enrichment, violation of Delaware Uniform Deceptive Trade Practices Act, and unfair competition against Defendants.  These claims arise out of an April 14, 2021 article by Culper Research concerning LifeMD.

7. Defendants have not yet been served in the State Court Action.

8. Defendants wish to exercise their rights under the provisions of 28 U.S.C. 1441, *et seq.*, to remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to this Court based upon diversity of citizenship.

## **DIVERSITY JURISDICTION**

9. Under 28 U.S.C. §1332 (a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

10. This action satisfies the complete diversity requirement of 28 U.S.C. §1332 (a)(1).

11. Plaintiffs are citizens of Delaware, New York, Puerto Rico, and California. See Ex. A at ¶¶ 8-10.

12. Defendant Lamarco is a resident of Pennsylvania. *Id.* at ¶ 11. As such, he is a citizen of Pennsylvania.

13. Defendant Lamarco is the only member of Defendant Shadyside Partners, LLC. *Id.* at ¶ 13. As such, Defendant Shadyside Partners is a Pennsylvania citizen for purposes of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

14. Complete diversity therefore exists, as no Plaintiff is a citizen of the same state as any Defendant.

15. This action also satisfies the amount in controversy requirement of 28 U.S.C. §1332 (a).

16. Based on the claims and allegations in the Complaint, Defendants have a good faith belief that the amount in controversy exceeds the $75,000 minimum jurisdictional amount under 28 U.S.C. § 1332(a). Specifically, Plaintiffs claim that one of their alleged sources of damages—

alleged losses of potential loans and investments—is in excess of $40 million. *See* Ex. A at ¶ 83. This action is therefore removable pursuant to 28 U.S.C. § 1441(a).

17. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

### REMOVAL JURISDICTION

18. This action is properly removed pursuant to 28 U.S.C. §1441 and 1446.

19. Under Section 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such is pending." See 28 U.S.C. § 1441 (a).

20. Section 1441 (b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. §1441 (b).  Here, none of the Defendants have yet been served. As such, removal is proper. *See Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2018).

21. Plaintiff filed this action in the Court of Common Pleas of Allegheny County. The Western District of Pennsylvania is the judicial district embracing Allegheny County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§1441 (a), 1446 (a).

22. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because less than 30 days have elapsed since Defendants first received a copy of the initial pleading, and this Notice of Removal was filed less than one year after commencement of the lawsuit.

23. Pursuant to Section 1446(a), Defendants are simultaneously filing with this

Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Allegheny County in this removed action.

24. Additionally, Defendants are filing a copy of this notice of removal with the Department of Court Records of the Court of Common Pleas of Allegheny County. *See* U.S.C. §1441(d).

25. By this Notice of Removal, Defendants do not waive any defenses, including but not limited to any defenses pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby expressly reserve the right to assert any such defenses in this action.

26. In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiffs.

WHEREFORE, Defendants hereby remove this action now pending against them in the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

        Respectfully submitted:

        COZEN O'CONNOR

        By: /s/ Rachel J. Wenger
        Rachel J. Wenger (Pa. I.D. 325647)
        Michael de Leeuw *(Pro Hac Vice Pending)*
        Tamar S. Wise *(Pro Hac Vice Pending)*
        One Oxford Centre
        301 Grant Street, 41st Floor
        Pittsburgh, PA  15219
        Telephone: 412.620.6500
        Facsimile: 412.275.2390

        Attorneys for Christian Matthew Lamarco and Shadyside Partners, LLC d/b/a Culper Research

Dated:   September 23, 2021

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice of Removal was served on the following counsel of record on September 23, 2021, via electronic mail and first-class mail, postage prepaid, on September 24, 2021:

> S. Manoj Jegasothy, Esquire
> Jessica G. Lucas, Esquire
> GORDON REES SCULLY MANSUKHANI, LLP
> 707 Grant Street, Suite 3800
> Pittsburgh, PA  15219

COZEN O'CONNOR

By: /s/ Rachel J. Wenger
Rachel J. Wenger