IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIFEMD, INC., JUSTIN SCHREIBER and STEFAN GALLUPPI | : | |
| | : | |
| Plaintiffs, | : | |
| v | : | CIVIL ACTION |
| | : | |
| CHRISTIAN MATTHEW LAMARCO, | : | NO.  2:21-cv-01273-WSS |
| SHADYSIDE PARTNERS, LLC (d/b/a CULPER RESEARCH) and JOHN/JANE DOES 2-10 | : | |
| | : | |
| | : | Electronically Filed |
| Defendants. | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Christian Matthew Lamarco and Shadyside Partners, LLC d/b/a Culper Research ("Culper Research"), by and through counsel, files this Answer to Plaintiffs, LifeMD, Inc., Justin Schreiber, and Stefan Gallupi's (hereinafter "LifeMD") Complaint and alleges the following:

1.      The allegations contained in Paragraph 1 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants deny the allegations in Paragraph 3 of Plaintiffs' Complaint. The statements referenced in Paragraph 3 are writings that speak for themselves and any characterization thereof is denied.

4.      The allegations contained in Paragraph 4 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 4 of Plaintiffs' Complaint.

## JURISDICTION & VENUE

5.      The allegations contained in Paragraph 5 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      The allegations contained in Paragraph 6 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      The allegations contained in Paragraph 7 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 7 of Plaintiffs' Complaint.

## PARTIES

8.      Defendants admit Paragraph 8 of Plaintiffs' Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.      Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.      Defendants admit only that Shadyside Partners, LLC is a limited liability company with a website at www.culperresearch.com and the Twitter handle @CulperResearch. Defendants deny the remaining allegations in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendants admit only that Lamarco is the sole member of Culper Research and owns and controls Culper Research.  Defendants deny the remaining allegations in Paragraph 13 of Plaintiffs' Complaint.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and subparagraphs (a and b) in Plaintiffs' Complaint.

22.     Defendants admit only that Culper Research publishes reports on its website www.culperresearch.com, and that it discloses in these reports when it is short a particular stock. Defendants deny the remaining allegations in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants admit only that Shadyside Partners, LLC was incorporated as a limited liability company in Delaware in June 2019.  Defendants deny the remaining allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Complaint. Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.  The document referenced in Paragraph 29 are writings that speak for themselves and any characterization thereof is denied.

30.     Defendants admit only that the Report (as defined in the Complaint) was published on Culper Research's website, and that the website includes legal liability disclaimers, terms of service, copyright protection warnings, and a "Contact Us" submission form. Defendants deny the remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants admit only that the Report (as defined in the Complaint) was published on the Internet and that Seeking Alpha linked to the Report.  Defendants deny the remaining allegations in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations in Paragraph 33 and subparagraphs (a-e) of Plaintiffs' Complaint. The statements referenced in Paragraph 33 are writings that speak for themselves and any characterization thereof is denied.

34.     Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint. The statements referenced in Paragraph 34 are writings that speak for themselves and any characterization thereof is denied.

35.     The allegations contained in Paragraph 35 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants admit only that the Report (as defined in the Complaint) contains graphs, pictures, charts, screenshots, and an appendix, but deny the remaining allegations in Paragraph 36 of Plaintiffs' Complaint. Specifically, the phrase "Investigative Investment Research" appears nowhere in the Report.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint. The phrase "all information contained herein is accurate and reliable" is missing the rest of its surrounding sentence and paragraph from the Report.  Moreover, the allegations contained in Paragraph 37 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

40.     The allegations contained in Paragraph 40 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.  The documents referenced in Paragraph 41 are writings that speak for themselves and any characterization thereof is denied.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the allegations in Paragraph 43 and note that these allegations are unrelated to the specific opinions expressed in the text of the Report.

44.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Complaint and note that the statements in the Report are unrelated to these allegations.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendants admit only that Redwood Scientific was a named defendant in a complaint brought by the FTC.  Moreover, the documents relating to the FTC case referenced in

Paragraph 46 are writings that speak for themselves and any characterization thereof, or any characterization of the FTC case, is denied.  The Defendants deny the remaining allegations in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendants admit only that Schreiber and Galluppi were not individually named in the publicly-filed complaint by the FTC. Defendants deny the remaining allegations in Paragraph 47 of Plaintiffs' Complaint.  The document referenced in Paragraph 47 are writings that speak for themselves and any characterization thereof is denied.

48.     Defendants admit only that the FTC case referenced in Paragraph 48 of the Complaint is publicly-filed. The remaining allegations in Paragraph 48 of Plaintiffs' Complaint are denied.

49.     The allegations contained in Paragraph 49 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiffs' Complaint. To the extent the

Court determines that a response is required, Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

54.    Defendants deny the allegations in Paragraph 54 and note that Dr. Badii was listed on the RexMD platform as a "licensed physician in Florida," when his license was in fact suspended by Florida, and suspended, revoked, or restricted by other states and the Drug Enforcement Administration, as confirmed by a medical credential verification website, the DEA's fact findings on this physician, and various state websites detailing suspensions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

56.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, the factual allegations in Paragraph 56 do not contradict the Report's finding that Dr. Badii was falsely listed by LifeMD as a provider licensed in Florida.

57.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Complaint. Furthermore, this allegation is unrelated to whether RexMD had promoted with a doctor who did not, at the time of said promotion, have a current and valid medical license.

58.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiffs' Complaint. Furthermore, this allegation is unrelated to whether RexMD had promoted with a doctor who did not, at the time of said promotion, have a current and valid medical license.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 as to whether the source of the mislabeling of Dr. Kalter's licensing was intentional or not. Furthermore, this allegation is unrelated to whether LifeMD listed a doctor as licensed in California who was not in fact licensed in California.

60.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 as to whether the source of the mislabeling of Dr. Kalter's licensing was intentional or not. Furthermore, this allegation is unrelated to whether LifeMD listed a doctor to be licensed in California who was not in fact licensed in California.

61.     Defendants deny the allegations in Paragraph 61 and further note that this allegation is unrelated to whether LifeMD listed a doctor to be licensed in California who was not in fact licensed in California

62.     The allegations contained in Paragraph 62 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations in Paragraph 63 and note that this allegation is irrelevant to the statement in the Report that LifeMD engages in related-party transactions.

64.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 and note that this allegation is irrelevant to the statement in the Report that LifeMD engages in related-party transactions.

65.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 65 and note that this allegation is irrelevant to the statement in the Report that LifeMD engages in related-party transactions.

66.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 66 and note that this allegation is irrelevant to the statement in the Report that LifeMD engages in related-party transactions.

67.    Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint and note that this allegation contradicts statements in LifeMD's public filings.

68.    The allegations contained in Paragraph 68 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint.

69.    Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint. The document referenced in Paragraph 69 are writings that speak for themselves and any characterization thereof is denied.

70.    Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint. The statement referenced in Paragraph 70 are writings that speak for themselves and any characterization thereof is denied.

71.    The allegations contained in Paragraph 71 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiffs' Complaint. The document referenced in Paragraph 72 are writings that speak for themselves and any characterization thereof is denied.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiffs' Complaint. By way of further response, Defendants incorporate all prior responses herein.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint.

75.     Defendants admit that the LifeMD stock price dropped on April 14, 2021.  By way of further response, Defendants note that the LifeMD stock price peaked at $33.02 on February 10, 2021, and then for weeks shed value, eventually closing at $11.84—a nearly 60% drop from the peak—by April 13, 2021.

76.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegation in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiffs' Complaint.  The document referenced in Paragraph 79 are writings that speak for themselves and any characterization thereof is denied.

80.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Complaint. To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Complaint.  To the extent the Court determines that a response is required, Defendants deny the allegations in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the allegations in Paragraph 82 of Plaintiffs' Complaint. The document referenced in Paragraph 82 are writings that speak for themselves and any characterization thereof is denied.

83.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Complaint. Furthermore, the allegations contained in Paragraph 83 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Complaint. Furthermore, the allegations contained in Paragraph 84 of Plaintiffs' Complaint consist of legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84 of Plaintiffs' Complaint.

85.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Complaint. Furthermore, the allegations contained in Paragraph 85 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85 of Plaintiffs' Complaint.

86.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint.

87.    Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint. The statements referenced in Paragraph 87 are writings that speak for themselves and any characterization thereof is denied.

88.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' Complaint. Furthermore, the allegations contained in Paragraph 89 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90 of Plaintiffs' Complaint.

91.     The allegations contained in Paragraph 91 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendants admit only that the Report (as defined in the Complaint) was publicly available and deny the remaining allegations in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendants deny the allegations in Paragraph 93 to the extent the statement referenced in Paragraph 93 is an incomplete excerpt from the Report (as defined in the Complaint) and out of context. Furthermore, Defendants deny the remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint.

94.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 94 of Plaintiffs' Complaint.

95.     The allegations contained in Paragraph 95 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants admit only that the Report disclosed that its authors were short LifeMD stock and deny the remaining allegations of Paragraph 96.

97.     Defendants admit only that the Report disclosed that its authors had a short position in LifeMD and deny the remaining allegations in Paragraph 97 of Plaintiffs' Complaint.

14

The statements referenced in Paragraph 97 are writings that speak for themselves and any characterization thereof is denied.

98.    Defendants admit only that the Report did not disclose the size of the authors' short position in LifeMD and deny the remaining allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 99 of Plaintiffs' Complaint.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 101 of Plaintiffs' Complaint.

102.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiffs' Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 102 of Plaintiffs' Complaint.

103.    The allegations contained in Paragraph 103 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants admit only that Schreiber and Galluppi were not individually named in the publicly-filed complaint by the FTC.  Moreover, the documents relating to the FTC case referenced in Paragraph 104 are writings that speak for themselves and any characterization

thereof, or any characterization of the FTC case, is denied.  The Defendants deny the remaining allegations in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants admit only they did not speak with any of the Plaintiffs prior to publication of the Report and deny the remaining allegations in Paragraph 105 of Plaintiffs' Complaint.

106.    The allegations contained in Paragraph 106 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendants deny the allegations in Paragraph 107 of Plaintiffs' Complaint. The document referenced in Paragraph 107 are writings that speak for themselves and any characterization thereof is denied.

108.    Defendants deny the allegations in Paragraph 108 of Plaintiffs' Complaint. The statements referenced in Paragraph 108 are writings that speak for themselves and any characterization thereof is denied.

109.    The allegations contained in Paragraph 109 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109 of Plaintiffs' Complaint.

110.    Defendants admit only that the Report and Second Report are publicly available at Culper Research's website and deny the remaining allegations in Paragraph 110 of Plaintiffs' Complaint.

**COUNT I**
**Defamation**

111.    Defendants reincorporate each of the foregoing paragraphs as if they were fully set forth herein.

16

112.    The allegations contained in Paragraph 112 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendants admit only that the Report was published on Culper's Research website and deny the remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 114 of Plaintiffs' Complaint. Furthermore, the allegations contained in Paragraph 114 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114 of Plaintiffs' Complaint.

115.    The allegations contained in Paragraph 115 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115 of Plaintiffs' Complaint.

116.    The allegations contained in Paragraph 116 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116 of Plaintiffs' Complaint.

117.    The allegations contained in Paragraph 117 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117 of Plaintiffs' Complaint.

118.    The allegations contained in Paragraph 118 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118 of Plaintiffs' Complaint.

119.    The allegations contained in Paragraph 119 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119 of Plaintiffs' Complaint.

120.    The allegations contained in Paragraph 120 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120 of Plaintiffs' Complaint.

121.    The allegations contained in Paragraph 121 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121 of Plaintiffs' Complaint.

122.    The allegations contained in Paragraph 122 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122 of Plaintiffs' Complaint.

## COUNT II
### Trade Libel

123.    Defendants reincorporate each of the foregoing paragraphs as if they were fully set forth herein.

124.    The allegations contained in Paragraph 124 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124 of Plaintiffs' Complaint.

125.    The allegations contained in Paragraph 125 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125 of Plaintiffs' Complaint.

126.    The allegations contained in Paragraph 126 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126 of Plaintiffs' Complaint.

127.    The allegations contained in Paragraph 127 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127 of Plaintiffs' Complaint.

128.    The allegations contained in Paragraph 128 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128 of Plaintiffs' Complaint.

129.    The allegations contained in Paragraph 129 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129 of Plaintiffs' Complaint.

## COUNT III
### False Light

130.    Defendants reincorporate each of the foregoing paragraphs as if they were fully set forth herein.

131.    The allegations contained in Paragraph 131 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 131 of Plaintiffs' Complaint.

132.    The allegations contained in Paragraph 132 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132 of Plaintiffs' Complaint.

133.    The allegations contained in Paragraph 133 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133 of Plaintiffs' Complaint.

134.    The allegations contained in Paragraph 134 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134 of Plaintiffs' Complaint.

135.    The allegations contained in Paragraph 135 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135 of Plaintiffs' Complaint.

## Count IV
## Unjust Enrichment

136- 142. Pursuant to the Court's Order of June 13, 2022, this claim is dismissed.

## Count V
## Deceptive Trade Practices- Delaware Uniform Deceptive Trade Practices Act

143.    Defendants reincorporate each of the foregoing paragraphs as if they were fully set forth herein.

144.    The allegations contained in Paragraph 144 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144 of Plaintiffs' Complaint.

145.    The allegations contained in Paragraph 145 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 145 of Plaintiffs' Complaint.

146.     The allegations contained in Paragraph 146 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146 of Plaintiffs' Complaint.

147.     The allegations contained in Paragraph 147 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147 of Plaintiffs' Complaint.

148.     The allegations contained in Paragraph 148 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148 of Plaintiffs' Complaint.

149.     The allegations contained in Paragraph 149 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149 of Plaintiffs' Complaint.

**Count VI**
**Unfair Competition**

150.     Defendants reincorporate each of the foregoing paragraphs as if they were fully set forth herein.

151.     The allegations contained in Paragraph 151 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151 of Plaintiffs' Complaint.

152.     The allegations contained in Paragraph 152 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152 of Plaintiffs' Complaint.

153.    The allegations contained in Paragraph 153 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153 of Plaintiffs' Complaint.

154.    The allegations contained in Paragraph 154 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154 of Plaintiffs' Complaint.

155.    The allegations contained in Paragraph 155 of Plaintiffs' Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155 of Plaintiffs' Complaint.

**Count VII**
**Conspiracy**

156- 162. Pursuant to the Court's Order of June 13, 2022, this claim is dismissed.

**Count VIII**
**Aiding and Abetting**

163-168. The allegations contained in these Paragraphs of Plaintiffs' Complaint pertain to a party other than Answering Defendants, therefore, no response is required. To the extent a response is deemed necessary, said allegations are denied.

WHEREFORE, Defendants Christian Matthew Lamarco and Shadyside Partners, LLC d/b/a Culper Research respectfully requests that the Court dismiss the remainder of Plaintiffs' Complaint with prejudice, enter judgment in Defendant's favor, and grant such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs' claims are barred because they fail to state a claim.

2.      Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of any conduct by the Defendants.

3.      Plaintiffs' claims are barred because the statements in the Report were not the legal cause of the drop in LifeMD's stock price and in fact, the stock price had been dropping for months prior to the Report's publication.

4.      Plaintiffs' claims are barred to the extent they failed to mitigate their damages, if any.

5.      Plaintiffs' claims are barred because there is no causal connection between Defendants' alleged defamatory statements and Plaintiffs' alleged harm.

6.      Plaintiffs' claims are barred because they cannot show that Defendants acted with any actual malice.

7.      Plaintiffs' claims are barred because none of the alleged defamatory statements are capable of defamatory meaning.

8.      Plaintiffs' claims are barred because the alleged defamatory statements are either true or constitutionally-protected opinions, the bases for which were fully disclosed.

9.      Plaintiffs' claims are barred because they cannot show that Defendants acted with reckless disregard for the truth.

10.      Plaintiffs' claims are barred because allegedly defamatory statements are truthful or substantially truthful.

11.      Plaintiffs' claims are barred because allegedly defamatory statements are not defamatory per se.

12.      Plaintiffs' claims are barred by the doctrines of waiver and estoppel due to Plaintiffs' own conduct.

13.    Plaintiffs' claims are barred by the doctrine of unclean hands.

14.    Defendants reserve the right to assert additional affirmative defenses based on information gathered during discovery.


Dated:    August 8, 2022                    Respectfully submitted,

                                            COZEN O'CONNOR


                              BY:    */s/ Michael de Leeuw*
                                     Michael de Leeuw *(admitted pro hac vice)*
                                     Tamar Wise *(admitted pro hac vice)*
                                     Rachel J. Wenger (Pa. I.D. 325647)

                                     One Oxford Centre
                                     301 Grant Street, 41st Floor
                                     Pittsburgh, PA  15219
                                     Telephone: 412.620.6500

                                     *Attorneys for Christian Matthew Lamarco*
                                     *and Shadyside Partners, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael de Leeuw, hereby certify that on August 8, 2022, I filed the foregoing **ANSWER TO THE COMPLAINT** using the Court's CMC/ECF system, which will automatically send notice to all counsel of record.

COZEN O'CONNOR

BY:     <u>*/s/ Michael de Leeuw*</u>
        Michael de Leeuw *(admitted pro hac vice)*
        Tamar Wise *(admitted pro hac vice)*
        Rachel J. Wenger (Pa. I.D. 325647)

        One Oxford Centre
        301 Grant Street, 41st Floor
        Pittsburgh, PA  15219
        Telephone: 412.620.6500

        *Attorneys for Christian Matthew Lamarco*
        *and Shadyside Partners, LLC*