IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIFEMD, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN MATTHEW LAMARCO, *et al.*,<br><br>Defendants. | Civil Action No.: 2:21-cv-01273<br><br>Hon. William S. Stickman IV |

**STIPULATED CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action may involve the disclosure of confidential information, and for good cause shown, it is STIPULATED and ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to further designate as "Attorneys' Eyes Only" and subject to this Order any Confidential information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential or Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall

not be disclosed by the receiving party to anyone other than as provided herein, unless and until the restrictions herein are removed either by written agreement of the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court, court personnel, and/or any third-party neutral engaged to assist in resolving this litigation;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, if the producing party consents to such disclosure, or if it pertains to the credibility or accuracy of any of the deponent's opinions, factual assertions, or conclusions;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, clerical employees, and law clerks and other legal consultants, whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this action.

5. Confidential or Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner, except as provided herein or as may be required by law, with advance, prompt written notice to the designating party to allow that party to take action.

6. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until 30 days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said 30 days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to persons meeting the criteria in paragraphs 4(a) and (b) hereof, and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. An inadvertent failure to designate material as Confidential Information or Attorneys' Eyes Only does not, standing alone, waive the right to so designate such material. If a party designates material as Confidential Information or Attorneys' Eyes Only after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the material is treated in accordance with this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Attorneys' Eyes Only.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 20 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution.

10. Any document designated as Confidential or Attorneys' Eyes Only by a party or non-party and which document is filed with the Court shall be filed under seal, and thereafter handled in accordance with applicable rules and orders of the Court. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

12. This Order shall not limit a producing party's use of its own Confidential or Attorneys' Eyes Only material Information, nor shall it limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

13. This Order shall not limit the parties' rights to conduct or object to discovery, or to engage in or object to the presentation of evidence, nor shall anything in this Order be construed to alter the applicable rules pertaining to the use or admissibility of any such materials marked as Confidential or Attorneys' Eyes Only at trial or other proceedings in this action.

14. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms, and the Court may itself modify this Order on its own terms.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties. Until such time as this Order has been entered by the Court, the parties agree to comply with its terms.

16. Upon final conclusion of this action, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of such material; provided, however, that counsel may retain attorney work product and complete copies of all transcripts, discovery, and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO STIPULATED.**

Dated: February 28, 2023 Respectfully submitted,

| Gordon Rees Scully Mansukhani, LLP | Cozen O'Connor |
| --- | --- |
| */s/ Mark J. Golen*<br>Mark J. Golen, II (PA ID No. 91234)<br>S. Manoj Jegasothy (PA ID No. 80084)<br>Jessica G. Lucas (PA ID No. 311280)<br>707 Grant Street, Suite 3800<br>Pittsburgh, PA 15219<br>Tel: (412) 577-7400<br>Fax: (412) 347-5461<br>mgolen@grsm.com<br>mjegasothy@grsm.com<br>jlucas@grsm.com<br><br>Clair E. Wischusen (PA ID No. 306752)<br>Damon W.D. Wright (VA Bar No. 40319) (admitted PHV)<br>Joseph L. Meadows (VA Bar No. 92729) (admitted PHV)<br>1101 King Street, Suite 520<br>Alexandria, VA 22314<br>Tel: (202) 399-1009<br>Fax: (202) 800-2999<br>cwischusen@grsm.com<br>dwright@grsm.com<br>jmeadows@grsm.com<br><br>*Counsel for Plaintiffs* | */s/ Tamar Wise*<br>Michael de Leeuw (admitted PHV)<br>Tamar Wise (admitted PHV)<br>Rachel J. Wenger (PA ID No. 325647)<br>One Oxford Centre<br>301 Grant Street, 41st Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 620-6500<br><br>*Counsel for Defendants* |

**IT IS SO ORDERED.**

BY THE COURT:

William S. Stickman IV

2/28/23
Date

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIFEMD, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN MATTHEW LAMARCO, *et al.*,<br><br>Defendants. | Civil Action No.: 2:21-cv-01273<br><br>Hon. William S. Stickman IV |

**AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY ORDER**

I, ________________________________, being duly sworn, state that:

1. My address is ______________________________________________. My present employer is _________________________ and the address of my present employment is ________________________________________. My present occupation or job description is ________________________.

2. I have carefully read and understood the provisions of the Stipulated Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Order.

3. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential (or Attorneys' Eyes Only, if applicable) material or any word, summaries, abstracts, or indices of such material disclosed to me.

4. I will limit use of Confidential (or Attorneys' Eyes Only, if applicable) material disclosed to me solely for purpose of this case.

5. No later than the conclusion of this case, I will return all Confidential (or Attorneys' Eyes Only, if applicable) material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________ Name/Signature: ______________________________________